UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARVIN MORAN,<br><br>                             Plaintiff,<br>      v.<br>CHRISTY L. CRAIG, *et al.*,<br><br>                            Defendants. | Case No. 3:18-cv-00381-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 14) ("R&R") resgarding Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 5) and *pro se* Complaint (ECF No. 1-1). Judge Cobb recommends denying the IFP Application and dismissing this action without prejudice. Plaintiff objects to the R&R ("Objection"). (ECF No. 15.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt the R&R.

The Magistrate Judge recommends granting dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff's claims his underlying his criminal conviction was invalid, including allegations that the trial court failed to administer the voir dire oath before voir dire, the prosecution lied to the jury and his counsel was ineffcive in failing to object to the prosecution's argument. (ECF No. 15 at 1-2; ECF No. 4 at 1-4.) Judge Cobb recommends advising Plaintiff that he may file a habeas petition after exhausting his state remedies. (*Id.* at 2.) In his Objection, Plaintiff asserts that he has exhausted his

state remedies in that the "Nevada Supreme Court ruled in his favor, reversed and remanded his case back to district court in June 2018 yet there has been no action taken." (ECF No. 15 at 1.) However, the Court cannot provide the relief that Plaintiff seeks because Plaintiff's claims are barred under *Heck.*

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. at 486-87 (footnote omitted). However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Id.* at 487 (footnotes omitted).

Here, Plaintiff challenges his state court criminal proceedings. (ECF No. 4.) While Plaintiff alleges that he prevailed on appeal, he also states that his case was remanded, which suggests his criminal case has not yet concluded.[1] (ECF No. 15 at 1.) Plaintiff's claims are *Heck*-barred because he is essentially challenging the validity of his conviction, but his criminal proceedings have not yet concluded.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 14) be accepted and adopted in its entirety.

---

[1]State Court records confirm that Plaintiff's criminal case has not yet concluded. *See* Eighth Judicial District Court Portal, https://www.clarkcountycourts.us/Portal/Home/Dashboard/29 (Last Accessed Dec. 10, 2018) (to access the record, enter Case. No. C-14-299669-1 and then complete the Captia). The Court takes judicial notice of the online docket records of the state district court. *See, e.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 12) without having to prepay the full filing fee is denied.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 11) is denied as moot.

It is further ordered that this action is dismissed without prejudice.

The Clerk is directed to enter judgment accordingly and close this case.

DATED THIS 10th day of December 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE